UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
CHRISTOPHER SADOWSKI,

                            Plaintiff,                      **REPORT AND RECOMMENDATION**

      -against-                                       17-CV-2832 (ADS)(SIL)

INDRAJIT SINGH SALUJA d/b/a
WWW.THEINDIANPANORAMA.NEWS,

                            Defendant.
----------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this copyright infringement action, on referral from the Honorable Arthur D. Spatt for Report and Recommendation, is Plaintiff Christopher Sadowski's ("Plaintiff" or "Sadowski") Motion for Default Judgment. *See* Docket Entry ("DE") [15]. By way of Complaint filed on May 9, 2017, Plaintiff commenced this action against Indo US Media, Inc. d/b/a www.theindianpanorama.news ("Indo US Media") seeking damages and injunctive relief pursuant to the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*. (the "Copyright Act"). *See* Complaint, DE [1]. Sadowski filed a First Amended Complaint on July 12, 2017 naming Indrajit Singh Saluja d/b/a www.theindianpanorama.news ("Saluja" and together with Indo US Media, "Defendants") as an additional defendant. *See* First Amended Complaint ("Amended Complaint" or "Am. Compl."), DE [5]. On October 27, 2017, Plaintiff filed a notice of voluntary dismissal without prejudice as to Indo US Media, which the Court So Ordered on October 28, 2017. *See* DE [12]. After Saluja failed to appear or otherwise defend this action, the Clerk of

1

the Court entered default against him on November 1, 2017. *See* DE [14]. On December 6, 2017, Sadowski filed the instant motion, which Judge Spatt then referred to this Court for Report and Recommendation. *See* DE [17]. For the reasons set forth herein, the Court respectfully recommends that the motion be denied without prejudice and with leave to refile together with additional supporting information and pleadings as described below.

**I. BACKGROUND**

Plaintiff is a professional photographer residing in New Jersey who "sells or licenses his photography to individuals and companies that want to use the photographs for editorials, advertisements, and commercial benefit." *See* Am. Compl. ¶¶ 8, 16. Sadowski's photographs have appeared in various media, including news publications, magazines, books and television programs. *See id.* ¶ 16. Saluja is an individual residing in Hicksville, New York. *See id.* ¶ 12. At all times relevant to Plaintiff's claims, Indo US Media has owned and operated a website at the URL www.theindianpanorama.news. *See id.* ¶ 11.

On unspecified dates, Sadowski took an original photograph (the "Image")[1] and licensed it to *The New York Post*.[2] *See id.* ¶ 17. On December 3, 2014, *The New York*

---

[1] Plaintiff alleges that he registered the Image with the United States Copyright Office, under registration number VA 1-942-953, *see* Am. Compl. ¶ 19, but neglects to either provide the date of registration or submit a registration certificate.

[2] The Image apparently depicts individuals publicly protesting after a grand jury in Staten Island, New York failed to indict a New York City Police Department officer in connection with the death of Eric Garner, an unarmed man who died while under arrest after being placed in a chokehold by the officer. *See* Am. Compl., Exs. A, B; *see also id.* ¶ 19; Lauren Gambino, Eric Garner: Grand Jury Declines to Indict NYPD Officer Over Chokehold Death (Dec. 3, 2014), THE GUARDIAN, https://www.theguardian.com/us-news/2014/dec/03/eric-garner-grand-jury-declines-indict-nypd-chokehold-death.

*Post* featured the Image on its website in an article entitled *Protests Erupt Across NYC After Chokehold Decision*. *See id.* ¶ 19, Ex. B. Plaintiff was identified in that article as the photographer of the Image in a gutter credit listing his name. *See id.* Two days later, on December 5, 2014, "Defendants ran an article on the[ir] [w]ebsite entitled: *Angry Protests follow Grand Jury decision over chokehold death of Eric Garner*," which featured the Image. *See id.* ¶ 22, Ex. C. Sadowski "did not consent to[,] authorize, permit, and/or allow in any manner the use of the Image by Defendants." *See id.* ¶ 21. Plaintiff alleges that Defendants nevertheless "used the Image to promote [their] website" and acquire monetary gain and market benefit as a result, despite knowing that the Image was subject to copyright. *See id.* ¶¶ 21, 23.

Based on the events described above, Sadowski commenced this action on May 9, 2017, against Indo US Media only, seeking: (i) an award of statutory damages in an amount up to $150,000.00 for each copyright infringement pursuant to 17 U.S.C. § 504(c); (ii) an award of costs of litigation and reasonable attorneys' fees pursuant to 17 U.S.C. § 505; and (iii) an order enjoining Indo US Media from further infringement of all copyrighted works of Plaintiff pursuant to 17 U.S.C. § 502. *See* Compl. On July 12, 2017, Sadowski filed the Amended Complaint naming Saluja as an additional defendant. *See* Am. Compl. The Clerk of the Court issued a Summons as to Saluja on July 18, 2017. *See* DE [7]. On September 20, 2017, Plaintiff effectuated service of the Summons and Amended Complaint upon Saluja in accordance with Fed. R. Civ. P. 4. *See* DE [8]. On October 27, 2017, Sadowski submitted a Notice of Voluntary Dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) as to Indo US

3

Media, which was So Ordered by the Court on October 28, 2017. *See* DE [12]. Thereafter, due to Saluja's failure to timely answer, move, or otherwise respond to the Amended Complaint, the Clerk of the Court, at Plaintiff's request, entered default against Saluja on November 1, 2017. *See* DEs [13], [14].

On December 6, 2017, Sadowski filed the instant motion seeking: (i) an award of $50,000.00 in statutory damages for one claim of copyright infringement pursuant to 17 U.S.C. § 504(c); (ii) an order permanently enjoining Saluja from infringing the Image pursuant to 17 U.S.C. § 504(c); (iii) an award of costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505; and (iv) an award of post-judgment interest pursuant to 28 U.S.C. § 1961. *See* DE [15] at 2. The following day, on December 7, 2017, Judge Spatt referred the motion to this Court for Report and Recommendation. *See* DE [17].

## II. DEFAULT JUDGMENT STANDARD

Motions for default judgment are governed by Fed. R. Civ. P. 55, which provides for a two-step process. *See* Fed. R. Civ. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). Initially, the moving party must obtain a certificate of default from the Clerk of the Court. *See* Fed. R. Civ. P. 55(a). Once the certificate of default is issued, the moving party may apply for entry of a default judgment. *See id.* Where a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true. *See Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of

4

damages—is admitted if a responsive pleading is required and the allegation is not denied."). However, "[it] is well established that a party is not entitled to default judgment as a matter of right; rather the entry of a default judgment is entrusted to the sound discretion of the court." *Allstate Ins. Co. v. Howell*, No. 09-cv-4660, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013) (internal quotation marks and citation omitted).

A plaintiff seeking a default judgment must demonstrate that its "uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012). In evaluating a motion for default judgment, the court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Ferrara v. Tire Shop Ctr.*, No. 14-cv-4657, 2015 WL 3562624, at *2 (E.D.N.Y. Apr. 6, 2015) (internal quotation marks and citation omitted). Hence, "[a] court should deny a motion for entry of a default judgment if the facts a plaintiff alleges in his complaint, taken to be true, fail to state a valid cause of action upon which the relief sought can be granted." *Orellana v. World Courier, Inc.*, No. 09-cv-576, 2010 WL 3861013, at *2 (E.D.N.Y. Sept. 28, 2010). Though "[u]nder [Fed. R. Civ. P.] 8, a complaint is not required to allege 'detailed factual allegations[,]' . . . [t]he Court '[is] not bound to accept as true a legal conclusion couched as a factual allegation.'" *Adlife Mktg. & Commc'ns Co. v. Best Yet Mkt., Inc.*, No. 2:17-cv-2978, 2017 WL 4564763, at *2 (E.D.N.Y. Oct. 11, 2017) (quoting *Kendall*

5

*v. Caliber Home Loans, Inc.*, 198 F. Supp. 3d 168, 170 (E.D.N.Y. 2016) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007)).

### III. DISCUSSION

Sadowski seeks to hold Saluja liable for infringement of his copyright in the Image in violation of 17 U.S.C. § 501(a).  *See* Am. Compl. ¶¶ 25-30.  The Copyright Act grants copyright owners the "exclusive rights to do and to authorize any of the following:  (1) to reproduce the copyrighted work in copies . . . ; (2) to prepare derivative works based upon the copyrighted work; [and] (3) to distribute copies . . . of the copyrighted work to the public by sale . . . or by rental, lease, or lending." 17 U.S.C. § 106. "Under 17 U.S.C. § 501(a), '[a]nyone who violates any of the exclusive rights of the copyright owner . . . is an infringer of the copyright . . . .'" *Asia TV USA, Ltd. v. Total Cable USA LLC*, No. 16-cv-6873, 2018 WL 1626165, at *6 (S.D.N.Y. Mar. 29, 2018), *reconsideration denied*, 2018 WL 2435175 (S.D.N.Y. May 30, 2018). "A properly plead[ed] copyright infringement claim must allege (1) which specific original works are the subject of the copyright claim, (2) that plaintiff owns the copyrights in those works, (3) that the copyrights have been registered in accordance with the statute, and (4) by what acts during what time the defendant infringed the copyright." *Adlife*, 2017 WL 4564763, at *3 (alteration in original) (quoting *Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 616 (S.D.N.Y. 2013)).

Applying these standards, Plaintiff has failed to establish Saluja's liability under 17 U.S.C. § 501(a) because the Amended Complaint lacks an adequate description of the acts of Saluja that infringed Sadowski's copyright.  That is, beyond

6

identifying the website at issue as Saluja's "d/b/a,"—a legally insignificant designation, *see Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa*, 428 F. Supp. 1237, 1241 (S.D.N.Y. 1977) ("[W]hether or not [a defendant] is in fact doing business as [another entity] is a matter which is not decided by [the] plaintiff's choice of caption in his complaint." (citation and internal quotation marks omitted)); *Hutson v. Notorious B.I.G., LLC*, No. 14-cv-2307, 2015 WL 9450623, at *5 (S.D.N.Y. Dec. 22, 2015) ("[M]erely listing in the caption of the First Amended Complaint that Plaintiff does business as SGP fails to establish that Plaintiff and SGP should be treated as the same entity . . . .")—the Amended Complaint fails to explain Saluja's role with respect to the website or otherwise allege any conduct undertaken by Saluja that constituted, caused, or otherwise led to the infringement. Rather, the Amended Complaint's sole allegations arguably pertaining to Saluja are vague, blanket claims regarding the actions of "Defendants":

> 21. Plaintiff is informed and believes that Defendants used Plaintiff's copyrighted works without his permission and that they published, communicated, benefited through, posted, publicized and otherwise held out to the public for commercial benefit, the original and unique works of Plaintiff without Plaintiff's consent or authority, and acquired monetary gain and market benefit as a result.
>
> 22. Plaintiff is informed and believes that on December 5, 2014, Defendants ran an article on the Website entitled: *Protests Erupt Across NYC After Chokehold Decision* at http://www.theindianpanorama.news/featured/angry-protests-follow-grand-jurydecision-over-chokehold-death-of-eric-garner-article-28604.html. . . ."
>
> 23. Defendants used the Image to promote the Defendants' website despite its [*sic*] knowledge that the Image is subject to copyright.

7

Am. Compl. ¶¶ 21-23.  Plaintiff's failure to distinguish between the alleged acts of Indo US Media and Saluja is significant because the Amended Complaint—the operative pleading—alleges that, "[a]t all times relevant hereto, Indo US Media . . . has owned and operated a website at the URL www.theindianpanorama.news."[3]  Am. Compl. ¶ 11.  Though Sadowski represents in his brief in support of the instant motion that Saluja "owns and operates the website The Indian Panorama located at http://www.theindianpanorama.news/," that claim is absent from the Amended Complaint, and "[t]he court may not consider factual allegations in briefs or memoranda."  *A&G Healthplans, Inc. v. Nat'l Network Servs.*, Inc., No. 99-cv-12153, 2003 WL 1212933, at *1 (S.D.N.Y. Mar. 14, 2003).  The Amended Complaint is likewise devoid of facts concerning Saluja's relationship to or role within Indo US Media, if any.[4]  "While [Fed. R. Civ. P.] 8 does not prohibit collective allegations against multiple defendants . . . , it does require that the allegations be sufficient to put each defendant on notice of what they allegedly did or did not do."  *Howard v. Mun. Credit Union*, No. 05-cv-7488, 2008 WL 782760, at *12 (S.D.N.Y. Mar. 25, 2008) (internal citations, quotation marks, and brackets omitted).  In light of Plaintiff's

---

[3] Plaintiff has submitted no information concerning the reason he elected to voluntarily dismiss his claims against Indo US Media, and the Court will not draw from Sadowski's decision any inferences with regard to the claims against Saluja.

[4] In the event that Plaintiff is relying on Saluja's position within Indo US Media—to the extent that he held one—as a basis for individual liability, additional allegations missing from the Amended Complaint would be required.  *See Stora v. Don't Ask Why Outfitters*, No. 15-cv-7106, 2016 WL 10571885, at *4 (E.D.N.Y. Dec. 7, 2016) ("To state a claim for copyright infringement against an individual defendant for acts carried out by a corporate entity, a plaintiff must allege that the individual was a moving, active, conscious force behind the defendant corporation's infringement." (citation and internal quotation marks omitted)), *report and recommendation adopted*, 2017 WL 1034637 (E.D.N.Y. Mar. 17, 2017), *appeal dismissed sub nom. Stora v. Am. Eagle Outfitters, Inc.*, No. 17-1109, 2017 WL 4676796 (2d Cir. Sept. 13, 2017).

8

assertion that Indo US Media owns and operates the website at issue, and without any information regarding Saluja's connection to the website, the company, or other involvement in the alleged infringement, the Court cannot conclude that the Amended Complaint provides adequate notice under Fed. R. Civ. P. 8.[5] *See Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*, No. 12-cv-2837, 2012 WL 6082387, at *5 (S.D.N.Y. Dec. 3, 2012) ("Plaintiff's complaint is insufficient in that it lacks specific allegations of copyright infringement against each of the defendants."), *aff'd*, 530 F. App'x 19 (2d Cir. 2013).[6]

Having no basis to conclude from the allegations in the Amended Complaint, or any additional materials in the record, that Saluja undertook an act or acts that infringed Sadowski's copyright in the Image, the Court respectfully recommends that the motion for default judgment be denied. *See Jin Young Chung v. Yoko Sano*, No. 10-cv-2301, 2011 WL 1303292, at *9 (E.D.N.Y. Feb. 25, 2011) (denying motion for default judgment "after scrutinizing plaintiffs' allegations and finding that even if

---

[5] The instant matter is factually distinguishable from cases in this Circuit in which Fed. R. Civ. P. 12(b)(6) motions to dismiss copyright infringement claims were denied based upon the pleading standard under Fed. R. Civ. P. 8. In *Adlife*, for example, the court refused to adopt the defendant's argument that the plaintiff was required to "specify how each particular photograph had been infringed," noting that the plaintiff merely needed to "provide the basic notice requirement under [Fed. R. Civ. P.] 8." *See* 2017 WL 4564763, at *6. Similarly, the court in *Aaberg v. Francesca's Collections, Inc.* rejected the defendant's assertion that the plaintiffs failed to plead the fourth element of copyright infringement—by what acts the defendant infringed the copyright—because the plaintiffs "set forth their theory of how exactly each [d]efendant is potentially liable for infringement, and in what timeframe." No. 17-cv-115, 2018 WL 1583037, at *1 (S.D.N.Y. Mar. 27, 2018). Here, however, the Amended Complaint fails to identify any specific conduct of Saluja that constitutes infringement, and, thus, does not satisfy Fed. R. Civ. P. 8's basic notice requirement.

[6] Plaintiff's sworn statement submitted in support of the instant motion does not remedy the Amended Complaint's defects. *See* Declaration of Christopher Sadowski in Support of Motion for Default Judgment, DE [15-4]. Rather, it contains only one paragraph referencing Saluja, which states, "I have not granted Defendant Indrajit Singh Saluja permission to use any of my photos, nor have they [*sic*] requested to ever license the photos for the . . . nominal fee that I regularly charge." *Id.* ¶ 9.

true, the allegations failed to state a claim" and collecting similar cases), *report and recommendation adopted sub nom.*, 2011 WL 1298891 (E.D.N.Y. Mar. 31, 2011). The Court, however, recommends that the motion be denied without prejudice and with leave to refile and submit additional information, including amended pleadings, concerning Saluja's role in the alleged copyright infringement. *See Kennedy v. Medgen, Inc.*, No. 14-cv-5843, 2016 WL 873043, at *3 (E.D.N.Y. Jan. 8, 2016) (recommending denial without prejudice of motion for default judgment in copyright infringement action based upon the plaintiff's failure to establish liability), *report and recommendation adopted*, 2016 WL 868210 (E.D.N.Y. Mar. 7, 2016).[7]

## IV. CONCLUSION

For the reasons set forth herein, the Court respectfully recommends that the motion be denied without prejudice and with leave to refile together with additional supporting information and pleadings as described herein.

## V. OBJECTIONS

A copy of this Report and Recommendation is being served on Plaintiff by electronic filing on the date below. Plaintiff is directed to serve a copy of it on Saluja and promptly file proof of service by ECF. Any objections to this Report and

---

[7] Notably, even if Plaintiff had adequately pled a cause of action for copyright infringement against Saluja, this Court would have recommend that his requests for statutory damages and attorneys' fees be denied for failure to submit documentation demonstrating that his copyright was registered within the timeframe mandated by the Copyright Act. Statutory damages and attorneys' fees are only available to copyright owners who registered their copyright "[three] months after the publication of the work or [one] month after the copyright owner . . . learned of the infringement." 17 U.S.C. § 412. On motions for default judgment, courts must "ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Accordingly, because Sadowski has submitted no evidence that he timely registered the Image, he has not established a right to statutory damages or attorneys' fees.

Recommendation must be filed with the Clerk of the Court within fourteen days of receipt of this report.  *See* 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d).  Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:     Central Islip, New York
           August 3, 2018

                                        s/ Steven I. Locke
                                        STEVEN I. LOCKE
                                        United States Magistrate Judge